IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

VIOLET L. STROUD                                    PLAINTIFF

VS.                          NO. 1:07CV0049 JLH

MERCK & CO., INC.,                                  DEFENDANTS
and PFIZER, INC.

### MERCK & CO., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Merck & Co., Inc. ("Merck") files its Answer to Plaintiff's Complaint (the "Complaint")
as follows:

### RESPONSE TO "A. THE PARTIES"

1.      Merck lacks knowledge and information sufficient to form a belief as to the truth
or falsity of the allegations contained in the first sentence of Paragraph 1 of the Complaint.
Merck denies each and every allegation contained in the second sentence of Paragraph 1 of the
Complaint.

2.      Merck denies each and every allegation contained in the first four sentences of
Paragraph 2 of the Complaint, except admits that Merck manufactured, marketed and distributed
the prescription medicine Vioxx in a manner consistent with the information contained in the
United States Food and Drug Administration ("FDA")-approved prescribing information for
Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx's
indicated uses. Merck further admits that Merck is a New Jersey corporation with its principal
place of business at One Merck Drive, Whitehouse Station, New Jersey. Merck admits the
allegations contained in the fifth sentence of paragraph 2 of the Complaint.

3.      The allegations set forth in Paragraph 3 of the Complaint are not directed toward

Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "B. JURISDICTION AND VENUE"

4.      The allegations contained in Paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to state a claim in excess of $75,000.00, but denies that there is any legal or factual basis for said relief.

5.      With respect to the allegations in the first sentence of Paragraph 5 of the Complaint, Merck admits that a multidistrict litigation proceeding entitled *In Re Vioxx Products Liability Litigation*, MDL No. 1657 has been established in the Eastern District of Louisiana before the Honorable Eldon E. Fallon, and that the subject matter of that litigation is similar to the subject matter set forth in this Complaint. The allegations set forth in the second sentence of Paragraph 5 of the Complaint are legal conclusions as to which no response is required.

## RESPONSE TO "C. INTRODUCTION"

6.      Merck denies each and every allegation directed toward Merck contained in the first two sentences of Paragraph 6 of the Complaint and avers that Vioxx is the brand name for rofecoxib. The allegations contained in the third sentence of paragraph 6 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck denies each and every allegation directed toward Merck contained in the fourth sentence of Paragraph 6 of the Complaint.

7.      Merck denies each and every allegation directed toward Merck contained in the

first two sentences of Paragraph 7 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the third sentence of Paragraph 7 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

8.       Merck denies each and every allegation directed toward Merck contained in Paragraph 8 of the Complaint.

9.       Merck denies each and every allegation directed toward Merck contained in Paragraph 9 of the Complaint, except admits that Vioxx is part of a class of drugs known as "NSAIDs" and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

10.       Merck denies each and every allegation contained in Paragraph 10 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the relevant FDA-approved prescribing information. Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.

11.       Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 11 of the Complaint. Merck denies each and every allegation directed toward Merck contained in the second and third sentences of Paragraph 11 of the Complaint.

12.       Merck denies each and every allegation directed toward Merck contained in

Paragraph 12 of the Complaint.

13.    Merck denies each and every allegation directed toward Merck contained in Paragraph 13 of the Complaint.

### RESPONSE TO "D.  FACTS – VIOXX'S PRE-APPROVAL"

14.    Merck denies each and every allegation contained in Paragraph 14 of the Complaint, except admits that in 1996 Merck proposed a study to investigate potential gastro-intestinal benefits of Vioxx over comparator drugs, but avers that the referenced study was cancelled in 1997.

15.    Merck denies each and every allegation contained in the first sentence of Paragraph 15 of the Complaint, except admits that Plaintiff purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.  Merck denies each and every allegation contained in the second sentence of Paragraph 15 of the Complaint except admits that Plaintiff purports to quote the referenced e-mail and avers that the quoted language is taken out of context.

16.    Merck denies each and every allegation contained in the first sentence of Paragraph 16 of the Complaint, except admits that Plaintiff purports to quote the referenced e-mail and avers that the quoted language is taken out of context.  Merck denies each and every allegation contained in the second and third sentences in Paragraph 16 of the Complaint.

17.    Merck denies each and every allegation contained in Paragraph 17 of the Complaint.

### RESPONSE TO "E.  FACTS – VIOXX'S POST-APPROVAL"

18.    Merck denies each and every allegation contained in Paragraph 18 of the Complaint, except admits that Vioxx, like all prescription medication, has had certain reported

4

adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

19.    Merck denies each and every allegation contained in Paragraph 19 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further avers that in March 2000, Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

20.    Merck denies each and every allegation contained in the first sentence of Paragraph 20 of the Complaint, except admits that Plaintiff purports to quote the referenced e-mail, but Merck avers that said quote is taken out of context. Merck denies each and every allegation in the second and third sentences of paragraph 20 of the Complaint except admits that the Plaintiff purports to quote certain portions of statements, but avers that any such statements are taken out of context.

21.    Merck denies each and every allegation contained in Paragraph 21 of the Complaint, except admits that the referenced press release exists, and respectfully refers the Court to the referenced document for its actual language and full text.

22.    Merck denies each and every allegation set forth in Paragraph 22 of the Complaint, except admits that Merck issued a press release on April 28, 2000 entitled: "Merck Confirms Favorable Cardiovascular Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

23.     Merck denies each and every allegation contained in Paragraph 23 of the Complaint, except admits that the studies referenced in the first sentence of Paragraph 23 and the article referenced in the second sentence of Paragraph 23 exists, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

24.     Merck denies each and every allegation set forth in Paragraph 24 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

25.     Merck denies each and every allegation set forth in Paragraph 25 of the Complaint.

26.     Merck denies each and every allegation set forth in Paragraph 26 of the Complaint, except admits that Plaintiff purports to quote from certain statements, but respectfully refers the Court to those statements for their actual language and full text.

27.     Merck denies each and every allegation set forth in Paragraph 27 of the Complaint, except admits that Plaintiff purports to quote from Dr. Simon, but Merck avers that said quote is taken out of context.

28.     Merck denies each and every allegation contained in Paragraph 28 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

29.     Merck denies each and every allegation contained in Paragraph 29 of the Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with its FDA-approved prescribing information. Merck further admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

30.    Merck denies each and every allegation contained in Paragraph 30 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

31.    Merck denies each and every allegation set forth in Paragraph 31 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

32.    Merck denies each and every allegation set forth in the first two sentences of Paragraph 32 of the Complaint, except admits that the referenced journals and articles contained therein exist, and that Plaintiff purports to quote from the same and respectfully refers the Court to said studies for their actual language and full text.  Merck denies each and every allegation in the third sentence of Paragraph 32 of the Complaint, except admits that the referenced journal and article exist and respectfully refers the Court to said article for its actual language and full text.

33.    Merck denies each and every allegation contained in Paragraph 33 of the Complaint.

34.    Merck denies each and every allegation contained in Paragraph 34 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

35.    Merck denies each and every allegation contained in Paragraph 35 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full

text.

36.     Merck denies each and every allegation contained in Paragraph 36 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information.

37.     Merck denies each and every allegation contained in Paragraph 37 of the Complaint, except admits that Merck trains its professional representatives.

38.     Merck denies each and every allegation contained in Paragraph 38 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

39.     Merck denies each and every allegation contained in Paragraph 39 of the Complaint, except admits that the VALOR study was proposed as one of several options and that in a March 13, 2002 e-mail the proposal was put on hold to explore other alternatives.

40.     Merck denies each and every allegation contained in the first three sentences of Paragraph 40 of the Complaint, except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.  Merck denies each and every allegation set forth in the fourth sentence of Paragraph 40 of the Complaint and avers that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology was commenced by a Merck subsidiary, MERCK SHARP & DOHME DE ESPA, S.A. (MSD).  Merck denies each and every allegation set forth in the fifth sentence of Paragraph 40 of the Complaint and respectfully refers the Court to the referenced decision for its actual language and full text.

41.     Merck denies each and every allegation contained in Paragraph 41 of the

Complaint, except admits that the referenced journal and article contained therein exist, and respectfully refers the Court to the referenced article for its actual language and full text. Merck further admits that Vioxx was prescribed to millions of patients by healthcare providers, and that Vioxx was registered, marketed and sold in approximately 80 countries outside the United States.

42.    Merck denies each and every allegation contained in Paragraph 42 of the Complaint, except admits that the presentation referenced in that paragraph exists and respectfully refers the Court to the presentation for its actual language and full text.

43.    Merck denies each and every allegation contained in Paragraph 43 of the Complaint, except admits that the referenced press release exists, and respectfully refers the Court to that press release for its actual language and full text.

44.    Merck denies each and every allegation contained in Paragraph 44 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board (ESMB) had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

45.    Merck denies each and every allegation contained in Paragraph 45 of the Complaint, except admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking placebo, and that, given the availability of alternative therapies and questions raised by the data from the trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx from the worldwide market best served the interests of patients. Merck further admits that

Vioxx was prescribed to millions of patients by healthcare providers and that Vioxx worldwide sales figures exceeded $2 billion in 2000, 2001, 2002, and 2003.

### RESPONSE TO "F. SUMMARY"

46.     Merck denies each and every allegation contained in Paragraph 46 of the Complaint.

47.     Merck denies each and every allegation contained in Paragraph 47 of the Complaint.

48.     Merck denies each and every allegation contained in Paragraph 48 of the Complaint.

49.     Merck denies each and every allegation contained in Paragraph 49 of the Complaint.

50.     Merck denies each and every allegation contained in Paragraph 50 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with healthcare professionals.

51.     Merck denies each and every allegation contained in Paragraph 51 of the Complaint except admits that Plaintiff seeks compensation for damages but denies that there is any factual or legal basis for such relief.

### RESPONSE TO "G. COUNT 1 – NEGLIGENCE"

52.     With respect to Paragraph 52 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of

this Answer with the same force and effect as though set forth here in full.

53.    Merck denies each and every allegation contained in the first sentence of Paragraph 53 of the Complaint. The allegations contained in the second sentence of Paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of Paragraph 53 and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

54.    The allegations contained in the first sentence of Paragraph 54 of the Complaint, are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of Paragraph 54 and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.  Merck denies each and every allegation contained in the remaining sentences in paragraph 54, including subparagraphs a-p, of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

55.    The allegations contained in Paragraph 55 of the Complaint, are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

56.    The allegations contained in Paragraph 56 of the Complaint, including sub-parargraphs a. – f., of the Complaint, are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and subparagraphs and respectfully refers the Court to the relevant

11

legal standard, including any conflict of law rules.

57.    Merck denies each and every allegation contained in Paragraph 57 of the Complaint.

58.    Merck denies each and every allegation contained in Paragraph 58 of the Complaint.

59.    Merck denies each and every allegation contained in Paragraph 59 of the Complaint.

## RESPONSE TO "H.  COUNT 2 – GROSS NEGLIGENCE"

60.    With respect to the allegations contained in the second numbered Paragraph 59 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

61.    Merck denies each and every allegation contained in Paragraph 60 of the Complaint except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

62.    The allegations contained in Paragraph 61 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 61 of the Complaint except admits that Plaintiff purports to make a claim for punitive damages  but denies that there is any legal or factual basis for the same.

63.    Merck denies each and every allegation contained in Paragraph 62 of the Complaint except admits that Plaintiff purports to make a claim for exemplary damages but

denies that there is any legal or factual basis for the same.

## RESPONSE TO "I. COUNT 3 – COMMON LAW FRAUD – FAILURE TO DISCLOSE"

64.     With respect to the allegations contained in Paragraph 63 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

65.     The allegations contained in Paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation contained in said paragraph.

66.     The allegations contained in Paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the said paragraph.

67.     Merck denies each and every allegation contained in Paragraph 66 of the Complaint.

68.     Merck denies each and every allegation contained in Paragraph 67 of the Complaint.

69.     Merck denies each and every allegation contained in Paragraph 68 of the Complaint.

70.     Merck denies each and every allegation contained in Paragraph 69 of the Complaint.

71.     Merck denies each and every allegation contained in Paragraph 70 of the Complaint.

## RESPONSE TO "J. COUNT 4 – COMMON LAW STRICT LIABILITY"

72.    With respect to the allegations contained in Paragraph 71 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

73.    Merck denies each and every allegation contained in Paragraph 72 of the Complaint except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies that there is any legal or factual basis for same.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

74.    Merck denies each and every allegation contained in Paragraph 73 of the Complaint except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies that there is any legal or factual basis for same.

75.    Merck denies each and every allegation contained in Paragraph 74 of the Complaint except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies that there is any legal or factual basis for same.

76.    Merck denies each and every allegation contained in Paragraph 75 of the Complaint except admits that Plaintiff purports to make a claim for exemplary damages but denies that there is any legal or factual basis for same.

## RESPONSE TO "K.  COUNT 5 – BREACH OF WARRANTIES (EXPRESS AND IMPLIED)"

77.    With respect to the allegations contained in Paragraph 76 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though

set forth here in full.

78.    Merck denies each and every allegation contained in Paragraph 77 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

79.    Merck denies each and every allegation contained in Paragraph 78 of the Complaint, including sub-parts a. – f., except admits that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for Vioxx in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information.

80.    Merck denies each and every allegation contained in Paragraph 79 of the Complaint.

81.    Merck denies each and every allegation contained in Paragraph 80 of the Complaint.

82.    Merck denies each and every allegation contained in Paragraph 81 of the Complaint.

83.    Merck denies each and every allegation contained in Paragraph 82 of the Complaint.

84.    Merck denies each and every allegation contained in Paragraph 83 of the Complaint, including subparts a. – c., of the Complaint except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

85.    Merck denies each and every allegation contained in Paragraph 84 of the Complaint.

15

86.    Merck denies each and every allegation contained in Paragraph 85 of the Complaint.

## RESPONSE TO "L. CLAIMS AGAINST PFIZER"

87.    With respect to the allegations contained in Paragraph 86 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

88.    The allegations contained in Paragraph 87 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

89.    The allegations contained in Paragraph 88 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

90.    The allegations contained in Paragraph 89 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

91.    The allegations contained in Paragraph 90 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

92.    The allegations contained in Paragraph 91 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in such paragraph.

93.    The allegations contained in Paragraph 92 of the Complaint are not directed

toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

94. The allegations contained in Paragraph 93 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

### RESPONSE TO "M. COUNT 1 – NEGLIGENCE"

95. With respect to the allegations contained in Paragraph 94 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

96. The allegations set forth in Paragraph 95 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

97. The allegations set forth in Paragraph 96 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

98. The allegations set forth in Paragraph 97, including subparagraphs a.-g., of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

99. The allegations set forth in Paragraph 98 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

100.    The allegations set forth in Paragraph 99 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

101.    The allegations set forth in Paragraph 100 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

### RESPONSE TO "N.  STRICT PRODUCT LIABILITY – MARKETING DEFECT"

102.    With respect to the allegations contained in Paragraph 101 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

103.    The allegations set forth in Paragraph 102 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

104.    The allegations set forth in Paragraph 103 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

105.    The allegations set forth in Paragraph 104 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

106.    The allegations set forth in Paragraph 105 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

107.    The allegations set forth in Paragraph 106 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

108.    The allegations set forth in Paragraph 107 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

109.    The allegations set forth in Paragraph 108 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

110.    The allegations set forth in Paragraph 109 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

### RESPONSE TO "O.  BREACH OF EXPRESS WARRANTIES"

111.    With respect to the allegations contained in Paragraph 110 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

112.    The allegations set forth in Paragraph 111 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

113.    The allegations set forth in Paragraph 112 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies reach and every allegation set forth in said paragraph.

19

114.    The allegations set forth in Paragraph 113 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

115.    The allegations set forth in Paragraph 114 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

### RESPONSE TO "P.  BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE"

116.    With respect to the allegations contained in Paragraph 115 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

117.    The allegations set forth in Paragraph 116 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

118.    The allegations set forth in Paragraph 117 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

119.    The allegations set forth in Paragraph 118 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

120.    The allegations set forth in Paragraph 119 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

121.    The allegations set forth in Paragraph 120 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

122.    The allegations set forth in Paragraph 121 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

### RESPONSE TO "Q. NEGLIGENT MISREPRESENTATION"

123.    With respect to the allegations contained in Paragraph 122 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

124.    The allegations set forth in Paragraph 123 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Further, the allegations contained in Paragraph 123 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

125.    The allegations set forth in Paragraph 124 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

126.    The allegations set forth in Paragraph 125 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

127.    The allegations set forth in Paragraph 126 of the Complaint are not directed

toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

128.    The allegations set forth in Paragraph 127 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

129.    The allegations set forth in Paragraph 128 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Further, the allegations contained in the first sentence of Paragraph 128 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

130.    The allegations set forth in Paragraph 129 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

### RESPONSE TO "R. FRAUDULENT MISREPRESENTATION"

131.    With respect to the allegations contained in Paragraph 130 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

132.    The allegations set forth in Paragraph 131 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Further the allegations contained in Paragraph 131 of the Complaint are legal convulsions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

133.    The allegations set forth in Paragraph 132 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

134.    The allegations set forth in Paragraph 133 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

135.    The allegations set forth in Paragraph 134 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Further the allegations contained in Paragraph 134 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

136.    The allegations set forth in Paragraph 135 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in that paragraph.

137.    The allegations set forth in Paragraph 136 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in that paragraph.

138.    The allegations set forth in Paragraph 137 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

### RESPONSE TO "S. ACTUAL DAMAGES"

139.    Paragraph 138 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every

allegation in Paragraph 138, except admits that Plaintiff purports to demand judgment and certain forms of relief but denies that there is any factual or legal basis for awarding the same.

## RESPONSE TO "T. PUNITIVE DAMAGES"

140.    With respect to the allegations contained in Paragraph 139 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

141.    Merck denies each and every allegation directed at Merck or Vioxx contained in Paragraph 140 of the Complaint. The remaining allegations contained in Paragraph 140 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

142.    Merck denies each and every allegation directed toward Merck or Vioxx contained in Paragraph 141 of the Complaint. The remaining allegations directed toward Merck contained in Paragraph 141 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

143.    Merck denies each and every allegation directed at Merck or Vioxx contained in Paragraph 142 of the Complaint. The remaining allegations contained in Paragraph 142 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

144.    Merck denies each and every allegation directed at Merck or Vioxx contained in

Paragraph 143 of the Complaint except admits that Plaintiff purports to make a claim for punitive damages but denies that there is any legal or factual basis for the same.  The remaining allegations contained in Paragraph 143 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### RESPONSE TO "U. FRAUDULENT CONCEALMENT AND TOLLING OF APPLICABLE STATUTES OF LIMITATION"

145.     Merck denies each and every allegation directed toward Merck or Vioxx contained in Paragraph 144 of the Complaint except admits that Plaintiff purports to invoke the discovery rule to prevent his claim from being time barred but denies that there is any legal or factual basis for the same.    The remaining allegations contained in Paragraph 144 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

146.     Merck denies each and every allegation directed at Merck or Vioxx contained in Paragraph 145 of the Complaint except admits that Plaintiff purports to invoke the discovery rule to prevent his claim from being time barred but denies that there is any legal or factual basis. The remaining allegations contained in Paragraph 145 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

147.     Merck denies each and every allegation directed at Merck or Vioxx contained in the first sentence of Paragraph 146 of the Complaint.  The allegations contained in the second sentence of Paragraph 146 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed toward

Merck contained in said sentence, and respectfully refers the Court to relevant legal standard, including any conflict of laws rules.

148.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in the first sentence of Paragraph 147 of the Complaint, and denies each and every allegation directed at Merck or Vioxx contained in said sentence.  Merck denies each and every allegation contained in the second sentence of Paragraph 147 of the Complaint directed toward Merck.

### RESPONSE TO "V. PRAYER FOR RELIEF"

149.    The unnumbered paragraph entitled "Prayer For Relief", including subparagraphs a.-g., of the Complaint does not contain allegations and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed toward Merck in said paragraph, including subparagraphs a.-g., except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

### RESPONSE TO "W. JURY DEMAND"

150.    Merck admits that Plaintiff purports to request a trial by jury.

151.    Merck denies each and every allegation not specifically admitted herein.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

152.    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

153.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

154.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff has made statements or taken actions that preclude Plaintiff from asserting claims or constitute a waiver of the claims.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

155.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

156.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

157.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

158.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

159.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

160.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses are only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as a result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

161.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

162.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

163.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

164.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be

reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

165.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Arkansas law.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

166.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity as required by Fed. R. Civ. P. 9(b).

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

167.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

168.    Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

169.    Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

170.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

171.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

172.    Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

173.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and has received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

174.    The claims of the Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

175.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to the claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

176.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

177.    The claims of Plaintiff are barred, in whole or in part, by the failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

178.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate

warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

179.    The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

180.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

181.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

182.    Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

183.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

184.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

185.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

31

## AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

186.   Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY -SIXTH DEFENSE, MERCK ALLEGES:

187.   Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

## AS FOR A THIRTY -SEVENTH DEFENSE, MERCK ALLEGES:

188.   Plaintiff's claims are barred, in whole or in part, under Comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

189.   Plaintiff's claims are barred, in whole or in part, because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

190.   Inasmuch as the Complaint does not describe the allegedly underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

191.   Plaintiff's claims are barred under § 4, *et seq.*, of the Restatement (Third) of

Torts: Products Liability.

### AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

192.    Plaintiff's claims are barred, in whole or in part, because Vioxx "provides net benefits for a class of patients" within the meaning of Comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

193.    Defendant Pfizer, Inc. is improperly joined.

### AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:

194.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FORTY-FOURTH DEFENSE, MERCK ALLEGES:

195.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A FORTY-FIFTH DEFENSE, MERCK ALLEGES:

196.    Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

### AS FOR A FORTY-SIXTH DEFENSE, MERCK ALLEGES:

197.    To the extent Plaintiff seeks to recover only economic loss in tort, Plaintiff's claims are barred by the economic loss doctrine.

### AS FOR A FORTY-SEVENTH DEFENSE, MERCK ALLEGES:

198.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available

33

during discovery or trial.

## AS FOR A FORTY-EIGHTH DEFENSE, MERCK ALLEGES:

199.    If Plaintiff has sustained any losses as alleged in the Complaint, such injuries or

losses were caused in whole or in part by the contributory negligence of the allegedly injured

Plaintiff.

## AS FOR A FORTY-NINTH DEFENSE, MERCK ALLEGES:

200.    Any liability that might otherwise be imposed upon Merck is subject to reduction

by the application of the doctrine of comparative negligence.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint

with prejudice and awarding Merck its reasonable costs and disbursements, together with such

and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
JAMES M. SIMPSON, #77125
MARTIN A. KASTEN, #99100
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
501-376-2011 - Telephone
501-376-2147 – Facsimile
SIMPSON@fec.net - Email
MKasten@fec.net - Email

By: /s/James M. Simpson_____
        JAMES M. SIMPSON

## CERTIFICATE OF SERVICE

I, James M. Simpson, hereby certify that on this 30th day of October, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing, and/or by First Class U.S. Mail, to the following:

Walter Umphrey
PROVOST UMPHREY LAW FIRM, LLP
490 Park Street
Beaumont, Texas 77701

Mikal Watts
THE WATTS LAW FIRM, LLP
Tower II Building, 14th Floor
555 North Carancahua Street
Corpus Christi, Texas 78478

John Eddie Williams, Jr.
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

Thomas J. Gayle
Drew Ranier
RANIER, GAYLE & ELLIOTT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601

Grant Kaiser
THE KAISER FIRM, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001

By: /s/James M. Simpson
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
501-376-2011 - Telephone
501-376-2147 – Facsimile
SIMPSON@fec.net

30137:0200581177.1

A CERTIFIED TRUE COPY

FEB 1 6 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA   FEB 1 6 2005

2005 FEB 17  A 11:37    FILED
                        CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1657    LORETTA G. WHYTE
                   CLERK

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A  Before the Panel are two motions, pursuant to 28 U S C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1]  Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana  Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district.  AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district  Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas

---

* Judge Motz took no part in the decision of this matter

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2)  These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed  Accordingly, inclusion of the actions in Section 1407 proceedings is moot

One other action – *Teamsters Local 237 Welfare Fund, et al v Merck & Co., Inc*, S D New York, C.A No  1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7 4 and 7 5, R P J P M L, 199 F R D 425, 435-36 (2001).

A CERTIFIED TRUE COPY

FEB 1 6 2007

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings because motions to remand their actions to state court are pending; plaintiffs in certain Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings  We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge  *See, e g , In re Ivy*, 901 F 2d 7 (2d Cir 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F Supp 2d 1346, 1347-48 (J.P M L 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs  We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F Smith Patent Litigation*, 407 F.Supp 1403, 1404 (J P M L 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties  We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation  In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court  *In re Mutual Funds Investment Litigation*, 310 F Supp 2d 1359 (J P.M L 2004)  It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district  But we are unwilling, on the basis of the record before us, to make such a determination at this time  Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.  *See* Rule 7.6, 199 F.R D. at 436-38.  We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket  Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course  By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation

IT IS THEREFORE ORDERED that, pursuant to 28 U S.C  § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E  Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v Merck & Co , Inc , et al* , E D  New York, C A  No. 1:01-3441, against Pharmacia Corp , Pfizer Inc., and G D. Searle & Co relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm  Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1657 -- In re Vioxx Products Liability Litigation

**SECT. L MAG. 3**

CASE No. ASSIGNED
EASTERN DIST of LOUISIANA

#### Middle District of Alabama

| | |
|---|---|
| Paul Turner, Sr. v. Merck & Co., Inc., C.A. No. 1:04-999 | 05-0428 |
| Danny M Wilson v. Merck & Co., Inc., C.A. No. 2:03-844 | 05-0429 |

#### Northern District of Alabama

| | |
|---|---|
| Carolyn O Hensley, etc v Merck & Co., Inc., C.A. No. 1:03-906 | 05-0430 |
| William Cook v. Merck & Co., Inc., et al, C.A. No. 2:02-2710 | 05-0431 |
| Sharon Scott Jones v Merck & Co., Inc., C.A. No. 5:04-3079 | 05-0432 |

#### Southern District of Alabama

| | |
|---|---|
| Carolyn Younge, etc v Merck & Co., Inc., et al., C.A. No. 1:03-125 | 05-0433 |

#### Eastern District of Arkansas

| | |
|---|---|
| Linda Sue Otts v Merck & Co., Inc., C.A. No. 5:04-57 | 05-0434 |

#### Western District of Arkansas

| | |
|---|---|
| Bobby Brown, et al v. Merck & Co., et al., C.A. No. 4:04-4140 | 05-0435 |
| Arthur Fulton, etc v. Merck & Co., Inc., C.A. No. 6:03-6107 | 05-0436 |

#### Central District of California

| | |
|---|---|
| Charles Ashman v Merck & Co., Inc., C.A. No. 2:04-8225 | 05-0437 |
| Janet Briggs v Merck & Co., Inc., C.A. No. 2:04-9275 | 05-0438 |

#### Northern District of California

| | |
|---|---|
| Kathy Tokes v Merck & Co., Inc., C.A. No. 3:04-4435 | 05-0439 |
| Patricia A Taylor v. Merck & Co., Inc., C.A. No 3:04-4510 | 05-0440 |
| Jeffrey Brass v Merck & Co., Inc., C.A. No 3:04-4521 | 05-0441 |

#### Middle District of Florida

| | |
|---|---|
| Frances Dunleavey, et al v Merck & Co., Inc., C.A. No 2:04-539 | 05-0442 |

- A2 -

## MDL-1657 Schedule A (Continued)

**SECT. L MAG. 3**

### Northern District of Florida

*Benjamin Burt, et al v Merck & Co, Inc.,* C A No. 3:04-388                    05-0443

### Southern District of Florida

*Ellen B. Gerber, et al v Merck & Co, Inc,* C A No. 0:04-61429                 05-0444
*Josefa Abraham, et al v. Merck & Co, Inc,* C A. No 1:04-22631                 05-0445
*Sidney Schneider v Merck & Co, Inc., et al,* C A -No 1:04-22632               05-0446
*Clara Fontanilles v. Merck & Co, Inc ,* C.A. No. 1:04-22799                   05-0447
*Stanley Silber, et al v Merck & Co., Inc ,* C A No 9:04-80983                 05-0448

### Northern District of Georgia

*Richard Zellmer v Merck & Co, Inc, et al ,* C.A No 1:03-2530                  05-0449
*Edna Strickland v Merck & Co, Inc,* C.A. No. 1:04-3231                        05-0450

### Northern District of Illinois

*Linda Grant, et al v Merck & Co, Inc.,* C A No. 1:04-6407                     05-0451
*Constance Oswald v Merck & Co., Inc,* C.A. No 1:04-6741                       05-0452
*Anita Ivory v Merck & Co, Inc ,* C A No. 1:04-7218                            05-0453

### Southern District of Illinois

*Roberta Walson, etc. v Merck & Co., Inc.,* C.A. No. 3:04-27                   05-0454
*John Ellis v. Merck & Co., Inc, et al ,* C A. No 3:04-792                     05-0455
*Bilbrey v. Merck & Co., Inc ,* C A. No 3:04-836                              05-0456

### Southern District of Indiana

*Estate of Lowell D Morrison v Merck & Co, Inc ,* C A No 1:03-1535            05-0457
*Kimberly Van Jelgerhuis, et al v Merck & Co, Inc ,* C A No 1:04-1651         05-0458

### District of Kansas

*Vicky Hunter v Merck & Co, Inc.,* C A No 2:04-2518                           05-0459
*Betty S Smith v Merck & Co., Inc.,* C A No 6:04-1355                         05-0460

- A3 -

MDL-1657 Schedule A (Continued)

**SECT. L MAG. 3**

### Eastern District of Kentucky

| | |
|---|---|
| Daniel K. Williams v Merck & Co., Inc , C A. No. 2:04-235 | 05-0461 |
| Richard J Getty, et al v Merck & Co., Inc , C.A. No 5:04-452 | 05-0462 |

### Eastern District of Louisiana

Salvadore Christina, Sr v Merck & Co , Inc , C.A. No 2:04-2726
Angelis Alexander v Merck & Co., Inc , C.A No. 2:04-2845
Leonce Davis v. Merck & Co., Inc , C A. No 2:04-2937
Mary V. Gagola v Merck & Co , Inc., C A. No 2:04-3053
Christine L Parr v Merck & Co , Inc , C A No 2:04-3054
Clifton Adam Savage, Sr v. Merck & Co , Inc., C.A No.:2:04-3055
Delores Thomas Robertson v Merck & Co , Inc , C.A. No. 2:04-3056
Howard Mark Falick v. Merck & Co., Inc , C A No 2:04-3060
Warren L Gottsegen, M D v Merck & Co , Inc , C.A No. 2:04:3065

### Middle District of Louisiana

| | |
|---|---|
| Michael Wayne Russell v Merck & Co , Inc , C.A. No. 3:04-712 | 05-0463 |
| Linda Kay Hudson v Merck & Co , Inc , C.A No 3:04-776 | 05-0464 |
| Jesse Wilkinson v Merck & Co , Inc , C.A. No. 3:04-800 | 05-0465 |
| Wilson Brown v Merck & Co , Inc., C A No. 3:04-801 | 05-0466 |
| Dorothy Bracken v Merck & Co. Inc., C.A. No 3:04-802 | 05-0467 |
| James Edward Benoit v Merck & Co , Inc., C A No 3:04-803 | 05-0468 |
| Clarence Chiszle v Merck & Co , Inc., C.A. No 3:04-804 | 05-0469 |

### Western District of Louisiana

| | |
|---|---|
| Anthony J. Mallet, et al v Merck & Co , Inc , et al , C A No. 2:02-2304 | 05-0470 |
| Calvin Warren, et al v Merck & Co , Inc., C A No 3:04-2110 | 05-0471 |
| Vicki White v Merck & Co , Inc , C A. No. 3:04-2126 | 05-0472 |
| Norma Merrit, et al. v. Merck & Co, Inc , C.A No 5:03-1401 | 05-0473 |
| Herchial Wright, et al v Merck & Co , Inc , C A No 5:04-2268 | 05-0474 |
| Leroy Bates, et al v Merck & Co , Inc , C.A. No. 5:04-2269 | 05-0475 |
| Vaughn McKnight v. Merck & Co , Inc , C A. No 5:04-2270 | 05-0476 |
| Josephine Harper v Merck & Co , Inc., C.A. No. 5:04-2271 | 05-0477 |
| Lendell Burns, et al v Merck & Co., Inc., C.A. No 5:04-2272 | 05-0478 |
| Leona Sadler v Merck & Co , Inc , C A. No 5:04-2273 | 05-0479 |
| William Tice, et al v Merck & Co , Inc , C A. No 5:04-2274 | 05-0480 |
| Maynard Butler, et al v Merck & Co., Inc., C.A. No 5:04-2275 | 05-0481 |
| Marion Evans, et al v. Merck & Co , Inc , C.A. No. 5:04-2276 | 05-0482 |
| Donna Lavergne v Merck & Co , Inc , C.A. No 6:04-2174 | 05-0483 |

- A4 -

## MDL-1657 Schedule A (Continued)



### District of Maryland

| | |
|---|---|
| *Lindsey Edler, etc. v. Merck & Co , Inc , C.A. No 1:03-3612* | 05-0484 |
| *Melvin Biles v. Merck & Co , Inc , C A No. 1:04-975* | 05-0485 |
| *David Morris, Jr. v Merck & Co , Inc., C.A No 8:04-3024* | 05-0486 |
| *Daniel Martin Jeffers, et al. v. Merck & Co , Inc , C.A No 8:04-3604* | 05-0487 |

### District of Massachusetts

| | |
|---|---|
| *Frank R. Saia v Merck & Co , Inc , C.A No. 1:04-12166* | 05-0488 |

### District of Minnesota

| | |
|---|---|
| *Carolyn Y. Glover v. Merck & Co., Inc , C A No 0:03-5166* | 05-0489 |
| *Lowell Burris, Jr. v Merck & Co , Inc , C.A No. 0:04-4375* | 05-0490 |
| *Shirley Homister v Merck & Co , Inc., C A No. 0:04-4754* | 05-0491 |

### Northern District of Mississippi

| | |
|---|---|
| *Frances Shannon, et al. v. Merck & Co., Inc., et al., C A No 2:03-105* | 05-0492 |

### Southern District of Mississippi

| | |
|---|---|
| *Leona McFarland et al. v Merck & Co , Inc., et al , C A No 2:03-247* | 05-0493 |
| *Bettye J. Magee, et al v Merck & Co , Inc , et al., C.A No 2:03-249* | 05-0494 |
| *Jerry Melton v Merck & Co , Inc , et al , C.A No 2:04-372* | 05-0495 |
| *Janet Sue Morgan, et al v. Merck & Co., Inc., et al., C A No 3:03-435* | 05-0496 |
| *Brenda Price, et al v Merck & Co , Inc , et al , C A. No 3:04-866* | 05-0497 |

### Eastern District of Missouri

| | |
|---|---|
| *Deyonne E. Whitmore v Merck & Co , Inc , C A No 4:03-1354* | 05-0498 |
| *Janice Perkins v. Merck & Co, Inc , C A. No. 4:04-1446* | 05-0499 |
| *Jurhee Bench v Merck & Co , Inc., C A. No 4:04-1447* | 05-0500 |

### Western District of Missouri

| | |
|---|---|
| *Caroline Nevels v Merck & Co , Inc , et al., C A No 4:04-952* | 05-0501 |
| *Russell Young, etc v Merck & Co., C A No. 6:04-5117* | 05-0502 |

MDL2061001.09

- A5 -

**MDL-1657 Schedule A (Continued)**                **SECT. 1 MAG. 3**

### District of New Jersey

Patrick Besaw v Merck & Co, Inc, C.A No 3:04-5178                    05-0503
Brenda Aguero, et al v Merck & Co, Inc, C.A No 3:04-5341             05-0504

### Eastern District of New York

Dominick Cain, et al v Merck & Co, Inc, et al., C.A No 1:01-3441      05-0505
William Hanson v Merck & Co, Inc., C.A No 1:04-2949                  05-0506
Jerome Covington v. Merck & Co, Inc, C.A No 1:04-4439               05-0507
Alan Mell v Merck & Co., Inc, C.A No. 1:04-4606                      05-0508
Lorraine Fialo v Merck & Co., Inc, C.A No. 1:04-4686                 05-0509
Lawrence Wright, et al v Merck & Co, Inc, C.A No 2:04-4485           05-0510
William Fontanetta, et al. v. Merck & Co, Inc, C.A. No 2:04-4486     05-0511

### Southern District of New York

Laney C Davis v Merck & Co, Inc, C.A No. 1:04-8082                   05-0512
Elizabeth Aiken v Merck & Co, Inc, C.A No. 1:04-8085                05-0513
Walter McNaughton v Merck & Co Inc, C.A No. 1:04-8297               05-0514
Carmen M Pagan, et al v Merck & Co, Inc, C.A No. 1:04-8959          05-0515
Teamsters Local 237 Welfare Fund, et al v. Merck & Co, Inc, C.A No 1:04-9248   05-0516
Anna Quick v Merck & Co, Inc, C.A No. 7:04-8169                     05-0517

### Northern District of Ohio

Marjory Knoll v Merck & Co, Inc., C.A. No 1:04-2209                  05-0518
Danford K Jones et al v Merck & Co, Inc, C.A No 1:04-2217           05-0519
James E. Meadows, et al v Merck & Co., Inc., C.A No 1:04-2229        05-0520
Wanda Moldovan et al v Merck & Co., Inc., C.A. No 1:04-2245          05-0521
Janet Dauterman, et al v Merck & Co, Inc, C.A No 3:03-2623           05-0522

### Western District of Oklahoma

Paul E House v Merck & Co., Inc., C.A No 5:04-1235                   05-0523

### Eastern District of Pennsylvania

Henry Smith, et al v Merck & Co., Inc., C.A No 2:04-4713             05-0524
Michelle Donovan v Merck & Co, Inc, C.A No. 2:04-4882              05-0525
Gwendolyn L. Carr v. Merck & Co, Inc, C.A No 2:04-4900             05-0526
Fred S Engle v Merck & Co., Inc., C.A No. 2:04-5077                 05-0527
Merrick Sirota, et al v Merck & Co., Inc, C.A No 2:04-5130           05-0528

- A6 -

**MDL-1657 Schedule A (Continued)**



### District of Puerto Rico

*Rafael Gonzalez-Arias, et al v Merck & Co, Inc*, C.A No 3:04-2263     05-0529

### District of South Carolina

*Bridget Elaine Michaud, etc v Merck & Co., Inc.*, C A No 4:03-3083     05-0530

### Eastern District of Texas

| | |
|---|---|
| *Arthur Clifford Hall, et al v Merck & Co, Inc.*, C A. No 1:04-684 | 05-0531 |
| *Brenda Lewis, et al v Merck & Co., Inc* , C A No 1:04-685 | 05-0532 |
| *Billie Painton, et al v Merck & Co, Inc*, C.A No 1:04-686 | 05-0533 |
| *Lovincy Richard, et al v. Merck & Co, Inc., et al*, C.A. No. 1:04-703 | 05-0534 |
| *Bill Jolley, et al. v. Merck & Co, Inc*, C A. No 2:04-376 | 05-0535 |
| *Marian Williamson, etc v Merck & Co, Inc*, C A No 2:04-406 | 05-0536 |
| *Deborah Daley, etc v Merck & Co., Inc, et al.*, C.A No 6:03-509 | 05-0537 |

### Northern District of Texas

| | |
|---|---|
| *Dellas Staples, et al v Merck & Co, Inc, et al*, C A No 3:03-180 | 05-0538 |
| *Michael R Leonard v Merck & Co, Inc*, C A No 3:04-2157 | 05-0539 |
| *Jack A Register, et al v Merck & Co, Inc, et al*, C.A No. 3:04-2259 | 05-0540 |

### Southern District of Texas

| | |
|---|---|
| *Heirs of the Estate of Pablo Flores v. Merck & Co . Inc , et al*, C.A. No. 2:03-362 | 05-0541 |
| *Audona Sandoval v. Merck & Co, Inc*, C A No. 2:04-544 | 05-0542 |
| *Jeffrey L. Denny, et al v Merck & Co., Inc, et al*, C.A No 3:04-526 | 05-0543 |
| *Kimberly D Stubblefield, etc v. Merck & Co, Inc., et al*, C A. No. 4:02-3139 | 05-0544 |
| *John P Eberhardt v Merck & Co, Inc*, C.A. No. 4:03-1380 | 05-0545 |
| *Myrtle Louise Bell, et al v. Merck & Co., Inc., et al*, C A No. 4:03-3448 | 05-0546 |
| *Thomas Joseph Pikul, etc v Merck & Co, Inc., et al*, C A No 4:03-3656 | 05-0547 |
| *Opalene Stringer, et al v Merck & Co., Inc., et al*, C A No 4:03-3657 | 05-0548 |
| *Reginald K Fears v Merck & Co, Inc*, C.A. No. 4:04-4187 | 05-0549 |
| *Peggy J Balch v Merck & Co, Inc*, C.A. No. 4:04-4201 | 05-0550 |
| *John R Stout v Merck & Co, Inc*, C.A. No 4:04-4205 | 05-0551 |
| *Charles C. Gilmore v Merck & Co., Inc.*, C.A. No 4:04-4206 | 05-0552 |
| *Johnny White v Merck & Co, Inc*, C A. No 4:04-4207 | 05-0553 |
| *Donna Hale v Merck & Co, Inc*, C A No 4:04-4208 | 05-0554 |
| *Bernadette Young v Merck & Co, Inc.*, C.A No. 4:04-4209 | 05-0555 |
| *William B Gregory, Jr. v Merck & Co., Inc.*, C.A No 4:04-4327 | 05-0556 |

- A7 -

**MDL-1657 Schedule A (Continued)**

Southern District of Texas (Continued)

| | |
|---|---|
| *Patricia Benavides, etc  v. Merck & Co , Inc., et.al* , C.A  No  5:03-134 | 05-0557 |
| *Patricia Benavides, etc. v  Merck & Co , Inc , et al* , C.A  No  5:04-153 | 05-0558 |
| *Olga Sanchez v  Merck & Co , Inc , et al* , C A  No. 7:04-352 | 05-0559 |
| *Maria Emma Hinojosa v  Merck & Co , Inc* , C.A. No. 7:04-373 | 05-0560 |

Western District of Texas

| | |
|---|---|
| *Joe Hopson, etc. v  Merck & Co., Inc , et al* , C A  No  1:04-485 | 05-0561 |
| *Larry Lee Bauman, et al. v  Merck & Co , inc* , C A  No. 1:04-707 | 05-0562 |
| *Carolyn Reed  etc  v  Minor, et al* , C A  No. 1:04-731 | 05-0563 |

District of Utah

| | |
|---|---|
| *Della Jo Salt, et al  v  Merck & Co , Inc* , C A  No  2:01-794 | 05-0564 |

District of Vermont

| | |
|---|---|
| *Sara Cheeseman v  Merck & Co  Inc* , C A  No  1:04-261 | 05-0565 |

Western District of Virginia

| | |
|---|---|
| *Catherine Wheatley, etc  v  Merck & Co , Inc., et al* , C.A  No. 2:04-20 | 05-0566 |

Judicial Panel on Multidistrict Litigatio   Panel Attorney Service List                                   Page 1

Docket: 1657 - In re Vioxx Products Liability Litigation                        **SCHEDULE B**
Status:   Transferred on 02/16/2005
Transferee District: LAE      Judge: Fallon, Eldon E                            Printed on 02/16/2005

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Allen Jr T Scott<br>Cruse Scott Henderson & Allen<br>2777 Allen Parkway<br>7th Floor<br>Houston TX 77019 | => Arango M D , Dario*; Dario Arango, M D . P A  dba Arango Family & Industrial Clinic*  Dennis Dr  Michael D *; Suderman, D O  Emory L * |
| Americsourcebergen<br>1300 Morris Drive<br>Suite 100<br>Chesterbrook PA 19087 | => Amerisource  Inc ; Amerisourcebergen#; Bergen Brunswig Drug Co # |
| Arsenault Richard J<br>Neblett Beard & Arsenault<br>P O  Box 1190<br>Alexandria LA 71309-1190 | => Lavergne Donna |
| Aylstock Bryan F<br>Aylstock Witkin & Sasser P L C<br>55 Baybridge Drive<br>Gulf Breeze FL 32561 | => Price Bobby; Price Brenda |
| Bailey Blake H<br>Bailey Law Firm<br>112 South Broadway<br>Tyler TX 75702 | => Bailey Jerlene*; Ford. James*; Harrington John*; Hollandsworth James*; Irvin Barbara*; Jolley  Bill*; Morrison. Ethel*  Smith Shirley*; Williams James*; Young David* |
| Barkley Steven C<br>3560 Delaware<br>Suite 305<br>Beaumont TX 77706 | => Hall (Ind /Rep /Est -Margaret Isabel) Arthur Clifford; Hall Eliot: Hall Frank Harold |
| Barrett David A<br>Boies Schiller & Flexner LLP<br>570 Lexington Avenue<br>16th Floor<br>New York NY 10022 | => Cain Alex*; Moss. Bobbie*; Watkins William* |
| Becnel, Bradley Douglas<br>Law Offices Of Daniel E  Becnel. Jr<br>425 W  Airline Hwy<br>Suite B<br>Laplace LA 70068 | => Savage Sr  Clifton Adam |
| Becnel Jr Daniel E<br>Law Offices of Daniel E  Becnel Jr<br>106 West Seventh Street<br>P O  Drawer H<br>Reserve LA 70084-2095 | => Benoit James Edward; Bracken. Dorothy  Brown Wilson; Chiszle Clarence: Christina, Sr  Salvadore*;  Davis Leonce; Fallick. Howard Mark; Gagola Mary V ; Hudson  Linda Kay; Parr Christine L ;  Robertson Delores Thomas; Wilkinson. Jesse |
| Bergen Brunswig,<br>P O  Box 959<br>Valley Forge PA 19482 | => Bergen Brunswig Drug Co  dba Amerisourcebergen |
| Berger, C  William<br>Furr & Cohen<br>One Boca Place<br>2255 Glades Road | => Silber Stanley; Silber, Susan |

Note: Please refer to the report title page for complete report scope and key

*(Panel Attorney Service List for MDL I 657 Continu*        Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 337W<br>Boca Raton, FL 33431 | |
| Birchfield Jr Andy D<br>Beasley Allen Crow Methvin Portls & Miles<br>P O Box 4160<br>234 Commerce Street<br>Montgomery AL 36103-4160 | ⇒ Abram Antoinette*; Adams (Behalf-Janet) Eddie William*; Brown (Behalf-Stephen Anthony) Tracy*; Chapman, Eunice*; Cook, William*; Early Reginald*; Eckols Lula*; Eckols Tommy Lee*; Flanagan Geneva L *; Gough, Jerry*; Halbert Josephine*; Harmon Roy*; Holmes Gene*; Hopkins (Behalf-Emma Conner) Willie Mae*; Hudson Camilla Faye*; Johnson, Sharon*; Jones Annie*; Jones, Jessie Lee*; King Tonya Lynn*; Logan Joe W *; Magee Bettye J *; Maynor Linder*; McFarland Leona*; McMillan Louise*; McNeil Bessie*; Morgan Janet Sue*; Morgan Stephanie*; Moulds (Behalf-Alice Lessie Atchley) Rachel*; Norwood Annie*; Oliver (Behalf-Kenneth Ray) Frances Ann*; Otts Linda Sue*; Parsons Mary*; Payton Eddie William*; Pegues Riella*; Powell, Susie M *; Smith, James*; Starling, Lamont*; Sykes, Melissa*; Tucker Barbara*; Warren James Howard*; Wheatley (Adm /Est -Carl) Catherine*; Wheaton Rosie C *; Youngs (Ind /Adm /Est -Charles Marvin) Carolyn*; Zellmer, Richard* |
| Bradford Reshonda L<br>Singleton Law Firm<br>4050 Linwood Ave<br>Shreveport LA 71108 | ⇒ Allegretto Fran; Anderson, Comecia; Anderson Frederick; Baylor, Ruthie; Brooks Magaline; Edwards Joe Ree; Garcie Mattie; Hall Calvin; Kersee Mary; Merris Norma; Netter Carlos; Payne Minnie; Rice Thelma; Upshaw James |
| Bruno Joseph M<br>Bruno & Bruno LLP<br>855 Baronne Street<br>New Orleans LA 70113 | ⇒ Alexander Angelis* |
| Buchanan Virginia M<br>Levin Papantonio Thomas Mitchell et al<br>316 South Baylen Street Suite 600<br>P O Box 12308<br>Pensacola FL 32501 | ⇒ Burt Benjamin R ; Burt Shirley |
| Cabraser Elizabeth J<br>Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street<br>30th Floor<br>San Francisco CA 94111-3339 | ⇒ Aguero, Brenda*; Herke Sherrill* |
| Carboy Andrew J<br>Sullivan Papain, Block McGrath & Cannavo<br>120 Broadway<br>18th Floor<br>New York NY 10271 | ⇒ Fontanella, Robin; Fontanetta William |
| Carroll Raymond S<br>Law Offices Of Weiner ,carroll & Strauss<br>119 Rockland Center<br>Suite 425<br>Nanuet NY 10954 | ⇒ McNaughton Walter* |
| Colingo Joseph R<br>Williams Heidelberg et al<br>P O Box 1407<br>711 Delmas Avenue<br>Pascagoula MS 39568-1407 | ⇒ Stewart Dr Reginald |
| Cory, Ernest<br>Cory Watson Crowder & DeGaris P C<br>2131 Magnolia Avenue | ⇒ Fulton (Adm /Est -Rebeka Kayla Schultz) Arthur*; Hensley (Exc /Est -Henry Lee) Carolyn O * |

Note: Please refer to the report title page for complete report scope and key.

HLRPT0982C001

*(Panel Attorney Service List for MDL 1 657 Contin.*                                                      Page 3

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**Suite 200**
Birmingham AL 35205

Craig Jr C York                                    => Columbia Discount Drugs Inc ; Super D #143
Craig Hester Luke & Dodson
P O Box 12005
Jackson MS 39236-2005

Crum Richard E                                     => Turner Sr Paul*
Cobb Shealy Crum & Derrick, P A
P O Box 6346
Dothan AL 36302-6346

D Amato, Jr John Michael                           => Fialo Lorriane
Russo Scamardella & D Amato P C
1010 Forest Avenue
Staten Island NY 10310

Deters Eric C                                      => Williams Daniel K *
Eric C Deters & Associates P S C
5247 Madison Pike
Independence KY 41051

Dixon Ivan                                         => Dixon Ivan
8413 Edgewood Drive
Rowlett TX 75089

Eberhardt John P                                   => Eberhardt John P
#1083045
1100 FM 655
Rosharon TX 77583

Edelman Daniel A                                   => Ivory Anita
Edelman Combs & Latturner LLC
120 South LaSalle Street
18th Floor
Chicago IL 60603

Edmonson, Richard M                                => Fred's Express
Armstrong Allen P.L.C
4450 Old Canton Road
Suite 210
Jackson MS 39211

Fayard, Jr. Calvin C                               => Russell Michael Wayne*
Fayard & Honeycutt
519 Florida Avenue. S W
Denham Springs LA 70726

Fears, Reginald K                                  => Fears Reginald K
James H Byrd Unit
21 FM 247
Huntsville TX 77320

Federman William B                                 => House. Paul E *; Leonard Michael R *
Federman & Sherwood
120 North Robinson Avenue
Suite 2720
Oklahoma City OK 73102

*[Panel Attorney Service List for MDL 1 637 Contin.*    Page 4

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Fiesta Ronald V<br>Kenneth B Moll & Associates Ltd<br>Three First National Plaza<br>50th Floor<br>Chicago IL 60602 | => Chartrand, Larry*; Grant Linda* |
| Flowers R Allen<br>Flowers Law Firm<br>341 North 25th Avenue<br>Hattiesburg MS 39401 | => Willis M D  Todd |
| Foster Shawn G<br>Davis, Bethune & Jones LLC<br>1100 Main Street<br>Suite 2390<br>Kansas City MO 64105 | => Beach Jurhee*; Hunter, Vicky* |
| Fox, Dana Casselli<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas TX 75204 | => Baldoni. Eugene; Blumfield  Travis; Brumfield  Travis; Lassig  Ashley  Lassig  Leonard; Lassig  Martha;<br>Pearson Carolyn; Pearson Elizabeth; Smith Carolyn; Smith Eric; Staples Billy; Staton<br>(Ind /Per /Rep /Heirs/Est -David Wayne) Rosa Linda; Valdone Chip |
| Freese  Richard A<br>Sweet & Freese  P L L C<br>P O Box 1178<br>Jackson MS 39215 | => Melton  Jerry |
| Gallagher Michael T<br>Gallagher Law Firm  P C<br>777 Walker Street<br>Suite 2500<br>Houston TX 77002 | => Balch Peggy J * |
| Gancedo Hector G<br>Gancedo & Nieves<br>144 West Colorado Blvd<br>Pasadena, CA 91105 | => Briggs Janet |
| Garcia Ricardo A<br>820 S Main Street<br>McAllen, TX 78501 | => Sanchez Olga* |
| Gibson Mary<br>P'O Box 400<br>St Marys GA 31558 | => Gibson. Mary |
| Golder. Ronald S<br>Zimmerman Reed  P L L P<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis MN 55402-4123 | => Dauterman Brock; Dauterman Holly; Dauterman Janet; Dauterman Rod· Dauterman. Ryan; Glover<br>Carolyn Y ; Michaud (Ind /Per /Rep  on behalf of the Estate of Andre Adrian Michaud  Decedent Andre<br>Adrian Michaud)  Bridget Elaine; Whitmore. Deyonne E |
| Goldwasser Andrew S<br>Ciano & Goldwasser<br>460 MK Ferguson Plaza<br>1500 West Third Street<br>Suite 460<br>Cleveland OH 44113 | => Knoll Marjory |

M00120020003

*(Panel Attorney Service List for MDL 1 657 Continu*                                                    Page 5

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Graffeo C Anthony<br>Watson Jimmerson Givhan et al<br>203 Greene Street<br>P O Box 18368<br>Huntsville AL 35804 | => Jones Sharon Scott |
| Griesenbeck, Tim T<br>Plunkett & Gibson<br>Renaissance Plaza, Suite 1100<br>70 N E Loop 410<br>P O Box 795061<br>San Antonio TX 78216 | => Mercy Hospital of Laredo d/b/a Mercy Regional Medical Center |
| Griffith Patricia<br>1045 Evelyn Avenue<br>Clarksdale MS 38614<br>*** Bad Address *** | => Griffith Patricia |
| Guerriero, Jeffrey D<br>Guerriero & Guerriero<br>P O Box 4092<br>Monroe LA 71211-4092 | => Warren Calvin; Warren Jessica |
| Harke Lance A<br>Harke & Clasby<br>155 South Miami Avenue<br>Suite 600<br>Miami FL 33130 | => Fontanilles Clara |
| Henderson Craig D<br>Gary Thomasson Hall & Mark<br>Professional Corp<br>P O Box 2888<br>210 S Carancahua<br>Corpus Christi TX 78403 | => Reed (Ind /widow-Johnney) Carolyn |
| Hockema David Hadden<br>Hockema, Tippit & Escobedo L L P<br>1 Paseo Del Prado<br>Bldg 101<br>P O Box 720540<br>McAllen, TX 78504-0540 | => Hinojosa, Maria Emma* |
| Hodges Robert M<br>Wise Carter, Child & Caraway<br>P O Box 651<br>Jackson, MS 39205-0651 | => Mississippi Emergency Associates P A |
| Howell III Jesse L<br>Copeland Cook, Taylor & Bush P A<br>200 Concourse, Suite 200<br>1062 Highland Colony Parkway<br>P O Box 6020<br>Ridgeland MS 39158-6020 | => Bonners Pharmacy* |
| Hughes John F<br>Wilkins Stephens & Tipton<br>P O Box 13429<br>Jackson MS 39236-3429 | => Reid, M D Richard |

*(Panel Attorney Service List for MDL 1 657 Continu*                                          Page 6

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**Hutton, Mark B**
Hutton & Hutton
P O Box 638
Wichita KS 67201
=> Smith, Betty S

**Hylla David A**
Bilbrey & Hylla
8724 Pin Oak Road
P O Box 975
Edwardsville IL 62025
\*\*\* Bad Address \*\*\*
=> Bilbrey, Patricia

**Johnson, Dennis J**
Johnson & Perkinson
1690 Williston Road
P.O Box 2305
S Burlington VT 05403
=> Cheeseman Sara\*

**Johnson Walter T**
Watkins & Eager
P O Box 650
Jackson MS 39205-0650
=> G D Searle & Co ; G D Searle LLC· Monsanto Co ; Pharmacia Corp

**Johnson III Whitman B**
Currie Johnson, Griffin Gaines & Myers
P O Box 750
Jackson MS 39205-0750
=> Lee M D Charles D

**Jones Christy D**
Butler Snow O Mara Stevens & Cannada
P O Box 22567
Jackson MS 39225-2567
=> Delta Discount Drugs Inc

**Josephson Richard L**
Baker Botts LLP
One Shell Plaza
910 Louisana Street
Suite 3000
Houston TX 77002-9934
=> R/D Clinical Research Inc · Resnick M D  Harvey

**Katz, Melissa C**
Waters & Kraus
3219 Mckinney
Suite 3000
Dallas TX 75204
=> Barcham, Sandra· Bolen Larry; Briggs Robert; Condit Kathy; Holland Michael; Joiner Sherri· Knowles Katrina; Lenormand Pamela; Mitchell, Robert· Taucer Albert Thompson John; Tucker Jerry

**Kegerreis Sharon L**
Hughes Hubbard & Read LLP
201 S Biscayne Boulevard
Suite 2500
Miami FL 33131-4332
=> Publix Super Markets, Inc

**Kennedy R Eric**
Weisman Kennedy & Berris
1600 Midland Building
101 Prospect Avenue, West
Cleveland OH 44115
=> Jones Danford K \*· Jones Gilda C \*

**Klauberg Norman C**
Hughes Hubbard & Reed LLP
=> Merck & Co  Inc \*

*(Panel Attorney Service List for MDL 1 657 Cont'nt*                                                                          Page 7

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| One Battery Park Plaza<br>New York NY 10004 | |
| Knoll, Marjory<br>Law Office Of Robert J Dicello<br>7556 Mentor Avenue<br>Mentor OH 44060 | => Meadows, James E *; Meadows Jr . James E ; Meadows June; Meadows, Stephen G |
| Kolman Timothy M<br>Timothy M Kolman And Associates<br>225 North Flowers Mill Road<br>The Shoppes at Flowers Mill<br>Langhorne. PA 19047 | => Donovan Michelle |
| Lamp, Joel C<br>Assistant General Counsel<br>Tort Litigation Division Wal-Mart Stores Inc<br>702 S W 8th Street<br>Bentonville. AR 72716-0215 | => Wal-Mart Stores Inc |
| Land John W<br>Bryan Nelson Randolph & Weathers<br>P O Drawer 18109<br>Hattiesburg MS 39404-8109 | => Mettauve Drugs; Quitman Drug Co |
| Lanier W Mark<br>Lanier Law Firm<br>6810 FM 1960 West<br>Houston, TX 77069 | => Brown Bobby *· Brown Linda*; Daley (Ind /Rep /Est -Robert Deiton & Next Friend for Scott A & Shirley Mann) Deborah*; Stubblefield (Ind /Rep /Est -Keith Jerome & Next Friend-Keith Jerome Korietta Lashay Kendall Wayne& Kedrick Roy), Kimberly D * |
| Leathers Jeffrey D<br>Greer Pipkin Russell. Dent & Leathers<br>P O Box 907<br>Tupelo MS 38802 | => Community Discount Pharmacy* |
| Leesfield Ira H<br>Leesfield, Leighton Rubio & Mahfood P A<br>2350 South Dixie Highway<br>Miami FL 33133 | => Schneider Sidney |
| Levin Arnold<br>Levin. Fishbein Sedran & Berman<br>510 Walnut Street<br>Suite 500<br>Philadelphia. PA 19106 | => Besaw Patrick*; Smith Henry*; Smith Mary* |
| Lewis, Carlene Rhodes<br>Goforth Lewis, Sanford LLP<br>1111 Bagby<br>Suite 2200<br>Houston TX 77002 | => Ahl June*; Alaniz Flora*; Allen, George*; Alston Jr . John*; Anglin Helen*; Austin Nancy*; Baker. Mary*; Baker Norma*; Baldwin Kenneth*; Banks, Judy*; Barrington Ernest*· Bell, Myrtle Louise*; Benavides (Ind /Rep/Est -Lucia Gutierrez), Patricia*; Berry, Flora*; Bogdany Arthur*; Bridgers, Rebecca*; Bronze Sandra*; Brooks Fredrick*; Brow Mary*; Brown, Esther*; Brown, Wattie*; Buck Patricia*; Buckner Claude*; Bullock, Barbara*; Burk-Cameron Patricia*; Burkett (Legal Heir/Est -Lelan Stringer) Majorie*; Burrell Willie*; Busby-Allen .Sharla*; Butcher Shirley*; Calder Virginia*; Camacho Maria*; Camey Homer*; Carter Andrea*; Carter Essie*; Carter, Helen Portis*· Castro Hortensia*; Cebrum Alice*; Chambers Christopher*; Chana, Della*; Chatman Charles*· Childress, Cynthia*; Chocolate, Belinda*; Clark Beulah*; Clark Cortiena*; Clark Delores*; Clark Mary*; Clayton, Marsha*; Cluff, Anna*; Coleman Lula*; Combs David*; Cooper Roberts*; Coppedge Darryle*; Crick, Kimberly*; Cruz, Esperanza*; Cryer Becky*; Dahl David*; De La Rosa, Odilla*; Deainza Barbara*; Denny, Jeffrey L *; Denny Molly J *; Diaz Mary*, Duncan Shirley*; Elam Claudia*; England James*; Fischbach Arleigh*; Flaniken Betty*; Forbes James*; Foward Joe*; |

*(Panel Attorney Service List for MDL 1 657 Continu.*                                    Page 8

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| | Futrell, Sharon*; Gajdosik. Margaret*; Garrett. Manicka*; Garza Jorge*; Garza, Linda*; Garza Manuel*; Garza Pauline*; Geryak Janic*; Gilmore, Bobbie*; Glaspie Precious*; Odis Garcia*; Graves, Mark*; Gray Marvinette*; Griggsby; Tenya*; Guzman Beatriz*; Haddox Gracie*; Hafemann Donald*; Hannah Reba*; Hannah, Sandra*; Hardin Larry*; Harrell Regina*; Harris Richard*; Harris Sandra*; Harris, Vivian*; Haynes Lloyd*; Heirs/Est -Pablo Flores*; Hermis Lawrence*; Hernandez Ana*; Hervey, George*; Hess Kenneth*; Hill Kristy*; Hodges Alvin*; Hogue Thelma*; Holland Wanda*; Hopson (Ind /Rep /Est -Kay Faubion) Joe*; Howard Annice*; Hubbs Judy*; Hutson Jerry*; Jackson, Elie*; Jackson. Esther*; Jackson, Londia*; James Tracy*; Jobe, Charles*; Johnson Willie*; Jones Terryl*; Keane. Gordon*; King Patricia*; Knox Mary*; Kolak Alexander*; Lane Sr Prentice*; Lawson, Elva*; Lee Gary*; Lerma, Clemente*; Leslie Doris*; Leveen Jay*; Lewe Doris Jean*; Lewis Crystal*; Lise, Joyce*; Logsdon Ernest*; Lovvorn, Jesse*; Lucas Stephen*; Mallet Anthony J *; Mallet Priscilla G *; Mankarious Rifaat*; Manning Rosie*; March Alicia*; Martin Georgia*; Martinez Willie*; Mauldin, Mary*; Mayberry Janice*; Mayo Veronica*; McCleveland Kym*; McGethon, Myrde*; McMillian, Opal*; McNually Sharon*; Miller Grunetta*; Molina Euardo*; Moore, Sharon*; Moreno Jesus*; Morris Gerald*; Morton David*; Mowery Ricky*; Murphy Mary*; Myer. Margaret Pearson*; Nelson Rubie*; Newell Carol*; Newton Mary*; Nichols Fredrick*; Oliver Rena*; Owen III David*; Parker Jessie*; Parks. Dorothy*; Parks Margaret*; Patterson. Steven*; Phelan, Claudia*; Phillips. Laura M *; Pikul (Adm /Est -Paul). Thomas Joseph*; Platt Jr Alvin*; Posada. Maria*; Powers Gail*; Pradia. Carolyn*; Ponch Vivian*; Pyron, Marshall*; Rady Jean*; Ramirez Josefa*; Ray Sr. Darrell*; Reyna Pete*; Reynolds Lori*; Rhodes Brian*; Rhodes George*; Richter Mary*; Rivera. Epifanio*; Roberts Katherine*; Roberts Lorna*; Robertson, Teddy*; Robinson Lonnie*; Robinson Oscar*; Rodriguez, Dorothy*; Rodriguez Jose*; Rodriguez, Vivian*; Rogers Hank*; Ross. Lamy*; Ross Olga*; Ross Sonsuray*; Royston Trina*; Russell Shelvy*; Saylor Richard*; Schultzea Nora*; Seago Buncy*; Shah Ahmed*; Shields Marie*; Simmons Robert*; Simpson Ovie*; Simpson Patricia*; Skipworth Billy*; Small Weavis*; Smith Georgia* Smith, Melody*; Sorge Charles*; Steard Sheilah*; Stech, Richard*; Taylor Jimmy*; Taylor Susan*; Taylor Tammy*; Taylor-Beck. Dimitri*; Teague James*; Thomas Geriadine*; Thomas Jr Clifton*; Thomas Leslie*; Thompson Ray*; Tucholski Ernest*; Wallace Lamar*; Ward George*; Ward Willie*; Wardlow. Willard*; Watson Jimmy*; Watson Lonzine*; Wiley Little*; Williams Belinda*; Williams Charlotte*; Williams Josephine*; Williams Therese*; Wilson John*; Wofford Diane*; Wood, Carol*; Woodall Phyllis*; Worsley. Fred*; Wright Alice*; Yarbrough Brenda*; Yong Cha Page* |
| Lietz David K<br>Coale Cooley Lietz McInerny & Broadus<br>818 Connecticut Avenue<br>Suite 857<br>Washington DC 20006 | => Gerber Ellen B *; Gerber Melvin* |
| Lockridge, Richard A<br>Lockridge, Grindal & Nauen P L L P<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis MN 55401-2179 | => Homister. Shirley |
| Luckett Jr William O<br>Luckett Law Firm<br>P O Drawer 1000<br>Clarksdale MS 38614-1000 | => Kroger Co |
| Malone Patrick A<br>Stein. Mitchell & Mezines<br>1100 Connecticut Avenue, N W<br>Suite 1100<br>Washington DC 20036 | => Jeffers, Barbara Ann: Jeffers Daniel Martin |
| Matthews David P<br>Abraham Watkins Nichols Sorrels Matthews & Friend | => Gilmore Charles C *; Hale Donna*; Stout, John R *; White, Johney*; Young Bernadette* |

Note: Please refer to the report title page for complete report scope and key

*(Panel Attorney Service List for MDL 1 657 Consta*                                                    **Page 9**

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 800 Commerce Street<br>Houston, TX 77002-1776 | |
| McClain Kenneth B<br>Humphrey Farrington & McClain P C<br>221 West Lexington<br>Suite 400<br>Independence MO 64050 | ⇒ Nevels Caroline* |
| McNamara J Leray<br>Copeland Cook Taylor & Bush P A<br>200 Concourse Suite 200<br>1062 Highland Colony Parkway<br>P O Box 6020<br>Ridgeland MS 39158-6020 | ⇒ Ball M D . David*; Barr, M D . William*; Hammock M D , B L ; Hassell John F ; Line, M D , Lance*;<br>Liverman, Steven B *; Newell M D  Bruce*; Peeler, M D , J O *; Smith M D , Randall; Weiss David<br>C *; Windham M D  Thomas* |
| Menders Kim M<br>Crouch & Ramey<br>1445 Ross Avenue<br>Ste 2300<br>Dallas TX 75202 | ⇒ Alfords Pharmacy* |
| Merkel Charles M<br>Merkel & Cocke<br>P O Box 1388<br>Clarksdale MS 38614-1388 | ⇒ Shannon Frances |
| Milam S Kirk<br>Hickman, Goza & Spragins Pllc<br>P O Drawer 668<br>Oxford MS 38655-0668 | ⇒ Gunn, M D  Susan*; Gunn Susan*; McIntosh M D  Cooper A * |
| Milavetz Allen Scott<br>Milavetz Gallop & Milavetz<br>6500 France Avenue  South<br>Edina MN 55435 | ⇒ Burris Jr  Lowell |
| Miller, Mason L<br>Getty & Mayo PLLC<br>1900 Lexington Financial Center<br>250 W  Main Street<br>Lexington KY 40507 | ⇒ Getty Richard J *; Stamper. Della* |
| Minor  Daniel<br>1032 Cardinal Dr<br>Waco, TX 76712 | ⇒ Minor Daniel |
| Minor, Steven R<br>Elliott Lawson & Minor PC<br>P O  Box 8400<br>Bristol VA 24203-8400 | ⇒ Amerisource Corp *#; AmerisourceBergen Corp  fdba AmeriSource Corp |
| Moirano, Michael H<br>Nisen & Elliott<br>200 West Adams Street<br>Suite 2500<br>Chicago. IL 60606 | ⇒ Oswald Constance* |
| Mousseau Geoffrey C<br>Mousseau & Associates | ⇒ Ashman Charles* |

Note: Please refer to the report title page for complete report scope and key

*(Panel Attorney Service List for MDL 1657 Contin*

Page 10

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 1421 Valverde Place<br>Suite B<br>Glendale CA 91208 | |
| Mulhern Edwin T<br>Huwel & Mulhern<br>11 New Hyde Park Road<br>Frank Square NY 11010 | ⇒ Mell Alan |
| Murray Stephen B.<br>Murray Law Firm<br>909 Poydras Street<br>Suite 2550<br>New Orleans LA 70112-4000 | ⇒ Gottsegen M D  Warren L *; Gregory Jr  William B * |
| Nast Dianne M<br>Roda & Nast P C<br>801 Estelle Drive<br>Lancaster PA 17601 | ⇒ Engle (Ind /Adm /Est -Louise)  Fred S * |
| Naylor Eugene R<br>Wise. Carter Child & Caraway<br>600 Heritage Bldg<br>401 East Capitol St<br>P O Box 651<br>Jackson MS 39205-0651 | ⇒ Patel M D  Pravin |
| O Malley Richard F<br>Sidley Austin Brown & Wood<br>10 South Dearborn Street<br>Suite 48 Southeast<br>Chicago IL 60603 | ⇒ G D Searle & Co *; Pfizer Inc *; Pharmacia Corp * |
| Owen Gregory J<br>Owen Patterson & Owen<br>23822 West Valencia Blvd<br>Suite 201<br>Valencia CA 91355 | ⇒ Baca, Richard David*; Berchtold Don*; Cole Sally*; De Luca Barbara*· Evans Charles*; Giles Stan*; Goodell Margaret Helen*· Ouan Leroy*; Holley (Heir-Audrey L  Piscitello) Alison*· Householder Betty*; Jackson Yvonne O *; Piscitello (Heir-Audrey L ) Clement*; Reagan Gorman*, Safford Joyce Crawford*; Salt Della Jo*; Sieper (Heir-Audrey L  Piscitello) Meredith*; Winward Kenneth C *; Wright Ward* |
| Pearson Thomas Jack<br>Pearson & Campbell, P C<br>2394 Calder Avenue<br>Beaumont, TX 77702 | ⇒ Allen, Gloria*; Jones. Rena*; Lewis (Ind /Next Friend-Tricnida & Quenida) Brenda*; Lewis (Ind Next Friend-Tricnida & Quenida) Darylene*· Painton, Billie*; Painton Jack*; Richard Calvin*; Richard, Ervin*; Richard. Kernis*; Richard Larry*; Richard Lon*; Richard, Lovincy* |
| Piper Jr Robert E<br>Piper & Associates<br>624 Pierre Avenue<br>P O Box 69<br>Shreveport LA 71103 | ⇒ Bates, Catherine; Bates Leroy: Burns Annie; Burns Lendell; Butler, Mary; Butler Maynard; Evans. Garnett; Evans Marion; Harper Josephine: McKnight Vaughn; Sadler, Leona; Tice Martha; Tice William; Wright, Frances; Wright Herchial |
| Pitre Frank M<br>Cotchett Pitre Simon & McCarthy<br>San Francisco Airport Office Center<br>Suite 200<br>840 Malcolm Road<br>Burlingame CA 94010 | ⇒ Brass Jeffrey; Taylor Patricia A ; Tokes Kathy |
| Pope Geoffrey Edward<br>Doffermyre Shields Canfield Knowles & Devine<br>1355 Peachtree Street N E | ⇒ Strickland, Edna |

Note: Please refer to the report title page for complete report scope and key

MDL1200209

*(Panal Attorney Service List for MDL 1 657 Contin.*                                                      Page 11

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**1600 The Peachtree**
Atlanta, GA 30309-3269

**Price Henry J**                                      => Bauen Janice; Briner (Per /Rep /Est -Phyllis), Darai; Henderson, Kevin; Portillo (Ind /Heir-Elvira M
Price Potter Jackson. Waicukanski & Mellowitz       Pena) Ruben; Van Jelgerhuis Kimberly
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis IN 46204

**Quetglas-Jordan Erie M**                            => Gonzalez. Hilda Ritz; Gonzalez Robert A ; Gonzalez-Arias Rafael*
Quetglas Law Offices
P O Box 16606
San Juan PR 00908-6606

**Robb William R**                                    => Young (Ind /Next Friend-Steven/Adm /Est -Lisa), Russell    ——
Aleshire Robb & Sivils P C
901 St Louis Street
Suite 1600
Springfield MO 65806

**Rowland Robert D**                                  => Ellis John*
2227 South State Route 157
Edwardsville IL 62025

**Ruiz. John H**                                      => Abraham Josefa*· Alcarez Maria P *; Andino Jose*
Law Office of John H Ruiz
5040 N W 7th Street
Suite 920
Miami FL 33126

**Rynecki Scott**                                     => Aiken (Adm /Est -Mary & Kenneth) Elizabeth; Covington Jerome: Davis. Laney C
Rubenstein & Rynecki
16 Court Street
Suite 1717
Brooklyn NY 11241

**Saia Stephen V**                                    => Saia Frank R *
Law Offices of Stephen V Saia
70 Old Cart Path Lane
Pembroke. MA 02359

**Schwebel Paul R M**                                 => Morrison (By his Per /Representative Patricia L ) Lowell D
5657 Rundle Court
Indianapolis IN 46220

**Scott Stuart E**                                    => Moldovan Gregory*; Moldovan Wanda*
Spangenberg Shibley & Liber LLP
2400 National City Center
1900 East 9th Street
Cleveland OH 44114

**Seeger Christopher A**                              => Brown Claire; Hanson. William*; Pagan Carmen M ; Watson (Ind /Adm /Est -Willie Jr ) Roberta*
Seeger Weiss LLP
One William Street
10th Floor
New York NY 10004-2502

**Simon. Jeffrey B**                                  => Bias Byron; Varnado Carolyn
Waters & Kraus
3219 McKinney Avenue

*Note: Please refer to the report title page for complete report scope and key*

*(Panel Attorney Service List for MDL 1 657 Centox*

Page 12

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 3000 Dallas, TX 75204 | |
| Smith, David Neil Nix Patterson & Roach LLP 205 Linda Drive Dangerfield TX 75638 | Williamson (Ind /Next friend-Courtly & Herman) Marian |
| Smith, Deanna Dean Ebanks Smith & Carlson LLP 1401 McKinney Suite 2500 Houston TX 77010-4034 | Truitt M D Norman |
| Snapka, Kathryn A Snapka Turman & Waterhouse LLP 606 N Carancahua Suite 1511 P O Drawer 23017 Corpus Christi TX 78403 | Benavides (Ind /Per /Est -Juan) Patricia*; Sandoval Audona |
| Specter, Shanin Kline & Specter 1525 Locust Street 19th Street Philadelphia PA 19102 | Sirota, Merrick*; Sirota, Michele* |
| Stacy, Robert F Daniel Coker Horton & Bell P O Box 1084 Jackson MS 39215-1084 | Doris Pharmacy Woods Drug Store |
| Steward, John S Meyerkord and Steward 2525 South Brentwood Boulevard Suite 102 St Louis MO 63144 | Perkins Janice |
| Sullivan, Robert G Sullivan Papain Block McGrath & Cannavo 120 Broadway 18th Floor New York NY 10271 | Wright Dawn; Wright Lawrence |
| Thomas, Cassandra F 514-C Woodrow Wilson Avenue Jackson MS 39213 | Thomas Cassandra Faye |
| Tisi, Christopher V Ashcraft & Gerel 2000 L Street NW Suite 400 Washington, DC 20036 | Biles, Melvin*; Edler (Ind /Per /Rep /Est -William Dale & behalf-wrongful death beneficiaries-William Dale Gail Lynne & Shawn C) Lindsey*; Morris. Jr . David* |
| Wade, Jr Lawrence D Campbell DeLong Hagwood & Wade P O Box 1856 Greenville MS 38702-1856 | Petilos M D Salvador; Waller, M D Richard E |
| Walker, Chris J Markow Walker, P A | Stone M D Deck; Weiner Roger |

Note: Please refer to the report title page for complete report scope and key

*(Panel Attorney Service List for MDL 1 657 Contin*               Page 13

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| P O Box 13669<br>Jackson MS 39236-3669 | |
| Walker Thomas E<br>Johnston Barton Proctor & Powell<br>2900 AmSouth/Harbert Plaza<br>1901 6th Avenue North<br>Birmingham AL 35203 | => Harlan Gary; Wall, Robert |
| Watson, Leila H<br>Cory Watson Crowder & DeGaris P C<br>2131 Magnolia Avenue<br>P O Box 55927<br>Birmingham AL 35255-5972 | => Wilson Danny M |
| Weaver Jennifer Fadal<br>1305 Fossal Ridge Trial<br>Waco TX 76712 | => Weaver Jennifer Fadal |
| Weiner, Richard J<br>Law Offices Of Richard J Weiner, P C<br>119 Rockland Center<br>Suite 425<br>Nanuet NY 10954 | => Quick, Anna |
| Weisbrod, Leslie<br>Morgan & Weisbrod<br>11551 Forest Central Drive<br>Suite 300<br>Dallas TX 75243 | => Register Anne; Register Jack A |
| Welch III Jewell E<br>Cunard Reis Law Firm<br>9214 Interline Avenue<br>Baton Rouge. LA 70809 | => White Vicki |
| Weston John K<br>Sacks Weston Smolinksy Albert & Luber<br>510 Walnut Street<br>Suite 400<br>Philadelphia PA 19106 | => Carr, Gwendolyn L * |
| Wright James L<br>Mithoff & Jacks<br>1 Congress Plaza<br>111 Congress Avenue<br>Suite 1010<br>Austin TX 78701-0001 | => Bauman (Ind /Rep /Est -Elsie Geneva) Larry Lee; Bauman, III (Ind /Rep /Est -Elsie Geneva Bauman), Leslie Lyon Bauman; Mincher (Ind /Rep /Est -Elsie Geneva Bauman). Kelly; Moses (Ind /Rep /Est -Elsie Geneva) Mary Carla; Tolbertt (Ind /Rep /Est -Elsie Geneva Bauman) Lisa Bauman |
| Zonas. James John<br>James J Zonas Attorney at Law<br>700-2nd Avenue North<br>Suite 102<br>Naples FL 34102 | => Dunleavey (By & Through/Per /Rep /Est -Edward) Frances |

Nadeem Haider
606 N. Jefferson St.
Louisville, MS 39339

Barbara J. Hart
Goodkind,Labaton,Rudoff & Sucharow
100 Park Ave., 12th Floor
New York, NY 10017-5563

Steven L. Russell
Beirne,Maynard & Parsons
1700 Pacific Ave, Ste 4400
Dallas,TX 75201

M001208212

# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

October 16, 2007

<u>VIA FEDERAL EXPRESS</u>

Jeffrey N. Lüthi, Esq.
Catherine Maida
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E. Room G-255, North Lobby
Washington, D.C. 20002-8004

> Re:   In re: Vioxx® Marketing, Sales Practices and Products
> Liability Litigation, MDL Docket No. 1657

Dear Sir and Madam:

Pursuant to J.P.M.L. Rule 7.5(e), Merck hereby notifies the Panel of potential "tag-along actions." This letter is Merck's 273rd notification of potential "tag-along actions" and includes cases that have recently been filed in or removed to federal court. Courtesy copies of the complaints and docket sheets for these cases are enclosed.

1. *Whitsett et al., v. Merck & Co., Inc.,* C.A. No. 9:07-cv-80959 (S.D. Fla.)
2. *Baxter et al., v. Merck & Co., Inc. et al.,* C.A. No. 0:07-cv-04246 (D. Minn.)
3. *Harvin et al., v. Merck & Co., Inc. et al.,* C.A. No. 0:07-cv-04247 (D. Minn.)
4. *Phillips et al., v. Merck & Co., Inc. et al.,* C.A. No. 0:07-cv-04248 (D. Minn.)
5. *Sims v. Merck & Co., Inc. et al.,* C.A. No. 0:07-cv-04249 (D. Minn.)
6. *Nardella v. Merck & Co., Inc.,* C.A. No. 1:07-cv-08784 (S.D. N.Y.)
7. *Bollinger v. Merck & Co., Inc.,* C.A. No. 4:07-cv-04151 (D. S.D.)
8. *Johnson et al. v. Merck & Co., Inc.,* C.A. No. 4:07-cv-04150 (D. S.D.)

There is one new case that involves claims relating to prescription drugs other than Vioxx.

1. *Stroud v. Merck & Co., Inc. et al.,* C.A. No. 1:07-cv-00049 (E.D. Ark.)

There are nineteen new cases filed in the transferee court.

1. *Benbow v. Merck & Co., Inc.,* C.A. No. 2:07-cv-06329 (E.D. La.)
2. *Bryant v. Merck & Co., Inc.,* C.A. No. 2:07-cv-06333 (E.D. La.)
3. *Ellingsburg v. Merck & Co., Inc.,* C.A. No. 2:07-cv-06332 (E.D. La.)
4. *Fazzina et al., v. Merck & Co., Inc.,* C.A. No. 2:06-cv-05871 (E.D. La.)



M00DA51621

5.  *Gholson v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06330 (E.D. La.)
6.  *Goin v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06328 (E.D. La.)
7.  *Irons et al., v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06331 (E.D. La.)
8.  *Jackson v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06334 (E.D. La.)
9.  *Lafar v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06325 (E.D. La.)
10. *LaGrove v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06327 (E.D. La.)
11. *Lamson v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06326 (E.D. La.)
12. *McLendon v. Merck & Co., Inc. et al.*, C.A. No. 2:07-cv-06339 (E.D. La.)
13. *Oakley v. Merck & Co., Inc.*, C.A. No. 2:07-cv-02785 (E.D. La.)
14. *O'Donahue v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06322 (E.D. La.)
15. *Pumphrey v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06336 (E.D. La.)
16. *Sigler v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06321 (E.D. La.)
17. *Small v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06337 (E.D. La.)
18. *Staley v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06324 (E.D. La.)
19. *Thomas v. Merck & Co., Inc.*, C.A. No. 2:07-cv-06335 (E.D. La.)

Respectfully submitted,

Shawn McEnnis

SM/eas

Enclosures

2

MOODA51622

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 18 AM 10: 35

LORETTA G WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION

MDL NO 1657

SECTION: L

JUDGE FALLON
MAG JUDGE KNOWLES

THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER #1
### Setting Initial Conference

It appearing that civil actions listed on Schedule A, attached hereto, which were

transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its

order of February 16, 2005, merit special attention as complex litigation, it is, therefore,

ORDERED that:

1.    APPLICABILITY OF ORDER---Prior to the initial pretrial conference and entry

of a comprehensive order governing all further proceedings in this case, the provisions of this

Order shall govern the practice and procedure in those actions that were transferred to this Court

by the Judicial Panel on Multi District Litigation pursuant to its order of February 16, 2005 listed

on Schedule A. This Order also applies to all related cases filed in all sections of the Eastern

District of Louisiana and will also apply to any "tag-along actions" later filed in, removed to, or



DATE OF ENTRY
FEB 1 8 2005

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No_____

M00120817.9

transferred to this Court

    2     CONSOLIDATION---The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure

    3     DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--- Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on Friday, March 18, 2005 at 9:00 a m  in Judge Eldon E Fallon's courtroom, Room 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22 6,  22 61, 22 62, and 22 63 shall, to the extent applicable, constitute a tentative agenda for the conference.  Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions  If the parties have any suggestions as to any case management orders or additional agenda items, these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by March 11, 2005.

4    POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court by

March 11, 2005 a brief written statement indicating their preliminary understanding of the facts

involved in the litigation and the critical factual and legal issues  These statements will not be

filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be

offered in evidence against a party in later proceedings  The parties' statements shall list all

pending motions, as well as all related cases pending in state or federal court, together with their

current status, including any discovery taken to date, to the extent known  The parties shall be

limited to one such submission for all plaintiffs and one such submission for all defendants

5    APPEARANCE---Each party represented by counsel shall appear at the initial

pretrial conference through their attorney who will have primary responsibility for the party's

interest in this litigation  Parties not represented by counsel may appear in person or through an

authorized and responsible agent  To minimize costs and facilitate a manageable conference,

parties with similar interests may agree, to the extent practicable, to have an attending attorney

represent their interest at the conference  A party will not by designating an attorney to represent

its interest at the conference be precluded from other representation during the litigation, nor will

attendance at the conference waive objections to jurisdiction, venue or service

6    SERVICE---Prior to the initial pretrial conference, service of all papers shall be

made on each of the attorneys on the Panel Attorney Service List attached hereto and designated

as Schedule B  Any attorney who wishes to have his/her name added to or deleted from such

Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons

on such service list  The parties shall present to the Court at the initial conference a list of

attorneys and their office addresses and E-mail addresses

-3-

M007208181

7.   EXTENSION AND STAY---The defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court  Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated  Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein

8    MASTER DOCKET FILE---The Clerk of Court will maintain a master docket case file under the style "In Re: VIOXX  Products Liability  Litigation" and the identification "MDL No. 1657 ".  When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to" The following is a sample of the pleading style:

In Re: VIOXX                                            MDL No  1657
   Products Liability Litigation
                                                       SECTION: L

This Document Relates to:                               Judge Fallon
                                                       Mag  Judge Knowles

9    FILING---Until electronic filing is instituted in the Eastern District of Louisiana, a signed original of any pleading or paper together with the number of copies set forth in the Local Rules is all that need be filed  The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet  All documents shall be filed in the master file

M001208192

10    DOCKETING---When an action that properly belongs as a part of In Re: VIOXX

Products Liability Litigation is hereinafter filed in the Eastern District of Louisiana or transferred

here from another court, the Clerk of this Court shall:

      a    File a copy of this Order in the separate file for such action;

      b    Make an appropriate entry on the master docket sheet;

      c    Mail to the attorneys for the plaintiff in the newly filed or transferred case
        a copy of this Order;

      d    Upon the first appearance of any new defendant, mail to the attorneys for
        the defendant in such newly filed or transferred cases a copy of this Order

11    APPEARANCES---Counsel who appeared in a transferor court prior to transfer

need not enter an additional appearance before this Court  Moreover, attorneys admitted to

practice and in good standing in any United States District Court are admitted *pro hac vice* in this

litigation, and the requirements of Local Rules 83 2 6E  and 83 2 7 are waived  Association of

local counsel is not required

12    REMAND STIPULATIONS---In the event that a case is remanded, the parties

shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and

furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply

with the order of remand

13 ·    PRESERVATION OF EVIDENCE---All parties and their counsel are reminded

of their duty to preserve evidence that may be relevant to this action  The duty extends to

documents, data, and tangible things in possession, custody and control of the parties to this

action, and any employees, agents, contractors, carriers, bailees, or other nonparties  who possess

M0012081B3

materials reasonably anticipated to be subject to discovery in this action  "Documents, data, and

tangible things" is to be interpreted broadly to include writings, records, files, correspondence,

reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail,

telephone message records or logs, computer and network activity logs, hard drives, backup data,

removable computer storage media such as tapes, discs and cards, printouts, document image

files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices,

bills, vouchers, checks statements, worksheets, summaries, compilations, computations,

charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process

photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings

and notes, studies or drafts of studies or other similar such material  Information that serves to

identify, locate, or link such material, such as file inventories, file folders, indices, and metadata,

is also included in this definition.    Until the parties reach an agreement on a preservation plan or

the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data

and tangible things containing information potentially relevant to the subject matter of this

litigation  Counsel is under an obligation to the Court  to exercise all reasonable efforts to

identify and notify parties and nonparties, including employees of corporate or institutional

parties.

    14   `` FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of the

Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the

Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the

extent needed in connection with a motion

-6-

MOO1208184

15.   LIAISON COUNSEL---Prior to the initial conference, counsel for the plaintiffs and counsel for the defendant shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters  For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5 2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group  The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement  Appointment of liaison counsel shall be subject to the approval of the Court  At the first conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter

16.  PLAINTIFFS' STEERING COMMITTEE---It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee  Applications/nominations for the

-7-

M00123818S

PSC positions must be filed as an original and one copy with the Eastern District of Louisiana's Clerk's Office on or before Monday, March 28, 2005. A copy must also be served upon counsel named in the attached list on the day of filing. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters No submissions longer than three (3) pages will be considered The Court will only consider attorneys who have filed a civil action in this litigation

Objections may be made to the appointment of a proposed applicant/nominee Nevertheless, the Court will entertain only written objections to any application/nomination. These must be filed with the Clerk in an original and one copy on or before April 4, 2005 The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation. As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing

The PSC will have the following responsibilities:

Discovery

(1)   Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation

(2)   Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs

(3)   Cause to be issued in the name of all plaintiffs the necessary discovery

-8-

MDL0238186

requests, motions, and subpoenas pertaining to any witnesses and

documents needed to properly prepare for the pretrial of relevant issues

found in the pleadings of this litigation  Similar requests, notices, and

subpoenas may be caused to be issued by the PSC upon written request

by an individual attorney in order to assist him/her in the preparation of the

pretrial stages of his/her client's particular claims

(4)    Conduct all discovery in a coordinated and consolidated manner on behalf

and for the benefit of all plaintiffs   No attorney for a plaintiff may be

excluded from attending the examination of witnesses and other

proceedings  Such attorney may suggest questions to be posed to

deponents through the designated PSC members provided

that such questions are not repetitious

Hearings and Meetings

(1)    Call meetings of counsel for plaintiffs for any appropriate purpose,

including coordinating responses to questions of other parties or of the

Court  Initiate proposals, suggestions, schedules, or joint briefs, and any

other appropriate matter(s) pertaining to pretrial proceedings

(2)    Examine witnesses and introduce evidence at hearings on behalf of

plaintiffs.

(3)    Act as spokesperson for all plaintiffs at pretrial proceedings and in

response to any inquiries by the Court, subject of course to the right of any

plaintiff's counsel to present non-repetitive individual or different

-9-

positions

Miscellaneous

(1)    Submit and argue any verbal or written motions presented to the Court or
Magistrate on behalf of the PSC as well as oppose when necessary any
motions submitted by the defendant or other parties which involve matters
within the sphere of the responsibilities of the PSC

(2)    Negotiate and enter into stipulations with Defendants regarding this
litigation   All stipulations entered into by the PSC, except for strictly
administrative details such as scheduling, must be submitted for Court
approval and will not be binding until the Court has ratified the
stipulation   Any attorney not in agreement with a non-administrative
stipulation   shall file with the Court a written objection thereto within ten
(10) days after he/she knows or should have reasonably become aware of
the stipulation   Failure to object within the term allowed shall be deemed
a waiver and the stipulation will automatically be binding on that party

(3)    Explore, develop, and pursue all settlement options pertaining to any claim
or portion thereof of any case filed in this litigation

(4)    Maintain adequate files of all pretrial matters and have them available,
under reasonable terms and conditions, for examination by Plaintiffs or
their attorneys.

(5)    Prepare periodic status reports summarizing the PSC's work and progress
These reports shall be submitted to the Plaintiffs' Liaison Counsel who

-10-

M0012081B8

will promptly distribute copies to the other plaintiffs' attorneys

(6)     Perform any task necessary and proper for the PSC to accomplish its
        responsibilities as defined by the Court's orders

(7)     Perform such other functions as may be expressly authorized by further
        orders of this Court.

(8)     Reimbursement for costs and/or fees for services will be set at a time and
        in a manner established by the Court after due notice to all counsel and
        after a hearing

17      COMMUNICATION WITH THE COURT---Unless otherwise ordered by this
Court, all substantive communications with the Court shall be in writing, with copies to opposing
counsel  Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel
and by and among defendant's counsel is essential for the orderly and expeditious resolution of
this litigation  The communication of information among and between plaintiffs' counsel and
among and between defendant's counsel shall not be deemed a waiver of the attorney-client
privilege or the protection afforded attorney's work product, and cooperative efforts contemplated
above shall in no way be used against any plaintiff by any defendant or against any defendant by
any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any
party or counsel to assert the attorney-client privilege or attorney work product doctrine

New Orleans, Louisiana, this 17 day of February 2005

ELDON E FALLON
UNITED STATES DISTRICT JUDGE

Attachments

-11-

MIME-Version:1.0
From:ecf_support@ared.uscourts.gov
To:ared_ecf@localhost.localdomain
Bcc:jlhchambers@ared.uscourts.gov, simpson@fec.net
Message-Id:<1028696@ared.uscourts.gov>
Subject:Activity in Case 1:07-cv-00049-JLH Stroud v. Merck & Company Inc et al
Answer to Complaint
Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Eastern District of Arkansas

## Notice of Electronic Filing

The following transaction was entered by Simpson, James on 10/30/2007 at 3:11 PM CDT and filed on 10/30/2007

**Case Name:**      Stroud v. Merck & Company Inc et al
**Case Number:**    1:07-cv-49
**Filer:**          Merck & Company Inc
**Document Number:** 3

**Docket Text:**
ANSWER to Complaint with Jury Demand by Merck & Company Inc. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C)(Simpson, James)

**1:07-cv-49 Notice has been electronically mailed to:**

James M. Simpson , Jr    simpson@fec.net

**1:07-cv-49 Notice has been delivered by other means to:**

Thomas J. Gayle
Ranier, Gayle & Elliot, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601

Grant Kaiser
The Kaiser Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5001

Drew Ranier
Ranier, Gayle & Elliot, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601

Walter Umphrey
Provost Umphrey Law Firm, L.L.P. - Beaumont
Post Office Box 4905
Beaumont, TX 77704-4905

Mikal Watts
The Watts Law Firm, L.L.P.
Tower II
555 North Carancahua
Suite 1400
Corpus Christi, TX 78478

John Eddie Williams , Jr
Williams Kherkher Hart Boundas, L.L.P.
8441 Gulf Freeway
Suite 600
Houston, TX 77017

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095794525 [Date=10/30/2007] [FileNumber=1028694-
0] [4e88b6420f645e0014663c7fdb5caabbc08c38364593946c6d3c03f695e2acb0bc
901189ab86b5c9143729306b1ab0558cc0bb2bf84b32da28874e5f55cc5b33]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095794525 [Date=10/30/2007] [FileNumber=1028694-
1] [3d0f8da8fa1d563c527372c64fb630f81d2d9f24da32e6be0a31c139c23a00c418
79549d9c4fe69c2a8f992fd45d22b5ece3fe226864b28c437ba518a6b3f280]]
**Documeut description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095794525 [Date=10/30/2007] [FileNumber=1028694-
2] [02c1e6b796d90fcffcf529afabfe7fb76faabe6af6d397e4c5d098932ffc7627dd
03950dd7f35af70c425e3c14c6c7ff3b14806252d4ccbf4853152aa76f44cc]]
**Document description:**Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095794525 [Date=10/30/2007] [FileNumber=1028694-
3] [2f44483e6a83d5fda56f56e7e1aaf7f4747f1c99ddad516476e62b9ecdc2ab64d7
d0988a4b7eeed550435ec13b7f2c82314882f81f013772ec89a73455d62ff6]]